# COMPLAINT

Case 2:22-cv-02542-RGK-SK Document 1-1 Filed 04/15/22 Page 2 of 6 Page ID #:7

Electronically FILED by Superior Court of California, County of Los Angeles on 03/08/2022 07:16 AM Sherri R. Carter, Executive Officer/Clerk of Court, by D. Williams,Deputy Clerk
22STCV08280
Assigned for all purposes to: Stanley Mosk Courthouse, Judicial Officer: Gregory Keosian

NEIL C. EVANS (#105669)
LAW OFFICES OF NEIL C. EVANS
13351 D Riverside Drive, Ste. 612
Sherman Oaks, CA 91423
Tel: (818) 802-8333
Fax: (213) 406-1231

Attorneys for PLAINTIFF
CALITEX, LLC

# SUPERIOR COURT OF THE STATE OF CALIFORNIA
# FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| CALITEX, LLC, <br><br> PLAINTIFF, <br><br> vs. <br><br> FEDERAL INSURANCE COMPANY, CHUBB INSURANCE COMPANY; AND DOES 1 THROUGH 100, INCLUSIVE, <br><br> DEFENDANTS. | Case No.: 22STCV08280 <br><br> **COMPLAINT FOR BREACH OF CONTRACT, DECLARATORY ELIEF AND INSURANCE BAD FAITH** |

PLAINTIFF ALLEGES:

1. Plaintiff CALITEX, LLC ("PLAINTIFF") is, and at all times mentioned herein was, a California Limited Liability Company authorized to do and doing business in the County of Los Angeles, State of California.

2. Defendants FEDERAL INSURANCE COMPANY and CHUBB INSURANCE COMPANY (collectively "CHUBB") are, and at all times mentioned

1

1  herein were, insurance companies doing business in the County of Los Angeles, State of
2  California.
3       3.  Plaintiff names as fictitious unknown Defendants DOES 1 through 100,
4  inclusive, who are persons or entities who are in some way responsible and/or
5  involved as partner, joint venturer, business associate, affiliate, or other co-conspirator
6  with the other Defendants. Plaintiff does not know their names or identities at this
7  time. Plaintiff will seek leave to amend this Complaint and
8  identify the DOE Defendants by their real names once they are discovered and/or
9  identified.
10      4.  Each of the Defendants are the partners, joint venturers, business
11 associates, affiliates, related entity, or other co-conspirator with the other Defendants,
12 and are each responsible for the acts of the other Defendants herein.

## FIRST CAUSE OF ACTION FOR BREACH OF CONTRACT
## [AGAINST ALL DEFENDANTS]

15      5.  Plaintiff repeats and realleges each of its allegations and things set forth
16 in paragraphs 1 through 4, above, inclusive, and incorporates the same herein by
17 this reference.
18      6.  In or about September 30, 2017 to September 30, 2018, Plaintiff on the one
19 hand, and Defendants including CHUBB on the other, entered into a written insurance
20 contract, whereby CHUBB provided Plaintiff with a Commercial Excess and Umbrella
21 Policy, No. 7818-00-26, providing Plaintiff up to $25,000,000 in excess insurance
22 coverage for a premium of $26,900.00 by Plaintiff ("the Policy").
23      7.  On or about June 20, 2019, a claim by multiple claimants was made against
24 Plaintiff filed in the Los Angeles Superior Court as Case No. 19 STCV 19026, making
25 various allegations which were covered by the Policy ("the Lawsuit").
26      8.  Plaintiff timely tendered the claim to Defendants herein. The Lawsuit
27 exceeded the policy limits of Plaintiff's primary insurance carrier, Liberty
28 Mutual Insurance Company.

9. Plaintiff has performed all of its obligations under the Policy, except to the extent that its obligations have been prevented or excused by Defendants.

10. Defendants, including CHUBB, have breached the Policy by failing and refusing to tender the Policy benefits to Plaintiffs, including, without limitation, partially funding a settlement of the Lawsuit, which forced Plaintiff to pay the sum of $225,000.00 out of pocket to settle the Lawsuit on or about February 27, 2020.

11. Plaintiff has demanded Defendants, including CHUBB, to reimburse the foregoing $225,000, but to date, CHUBB has refused to do so.

12. Plaintiff has suffered damages as a direct, proximate and foreseeable result of the foregoing breach of contract, of at least $225,000.00.

## SECOND CAUSE OF ACTION FOR DECLARATORY RELIEF
### [AGAINST ALL DEFENDANTS]

13. Plaintiff repeats and realleges each of its allegations and things set forth in paragraphs 1 through 11, above, inclusive, and incorporates the same herein by this reference.

14. An actual controversy now exists and is ripe for adjudication as to the obligations of Defendants under the Policy. Plaintiff contends that Defendants, including CHUBB, have an obligation to reimburse Plaintiff the sum of $225,000.00, plus interest, for the settlement of the Lawsuit. Defendants dispute these contentions, and contend that Plaintiff has no rights under the Policy as to the Lawsuit or the settlement of the Lawsuit.

15. The dispute is ripe for adjudication and by resolving this dispute through this proceeding, Plaintiff will avoid a multiplicity of actions to resolve the issues raised by this Policy dispute.

## THIRD CAUSE OF ACTION FOR INSURANCE BAD FAITH AND BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING
### [AGAINST ALL DEFENDANTS]

16. Plaintiff repeats and realleges each of its allegations and things set forth in

3

paragraphs 1 through 15, inclusive, and incorporate the same herein by this reference.

17. The foregoing breach of contract was made in bad faith, in violation of Defendants' duties, including fiduciary duties, to protect the interests of their insured. The foregoing breach was done willfully, knowingly, and intentionally, to deprive Plaintiff of the benefits of the Policy. The failure to reimburse Plaintiff the amount of its contribution to the settlement was unreasonable and without proper cause, and an improper and unreasonable act to deprive Plaintiff of the benefits of the Policy.

18. The foregoing breach was also a breach of the covenant of good faith and fair dealing implied into the Policy, by interfering with and preventing Plaintiff from receiving the benefits of the Policy.

19. As a direct, proximate and foreseeable result of the foregoing breaches, Plaintiff suffered damages in a manner and amount according to proof, but no less than $225,000.00.

20. The foregoing bad faith breach of the Policy was done in fraudulently, maliciously, and with the intent to vex, injure, and annoy Plaintiff, justifying the award of punitive damages to set an example of Defendants, and each of them.

21. Plaintiff also seeks to recover its attorneys' fees and costs as authorized by law.

WHEREFORE, PLAINTIFF PRAYS FOR RELIEF AS FOLLOWS:

1. On the First Cause of Action, for
   a. Damages according to proof;
2. On the Second Cause of Action for a Declaration that Defendants have an obligation to provide coverage and benefits under the Policy and reimburse the payment of $225,000.00.
3. On the Third Cause of Action, for damages according to proof, and for punitive Damages to punish and set an example of Defendants, and each of them.
4. On all causes of action, for Plaintiff's costs and attorneys' fees incurred to vindicate its rights under the Policy.

4

1 | Dated: March 8, 2022

2 |  LAW OFFICES OF NEIL C. EVANS

3 |  /S/ NEIL C. EVANS

4 |  By: _/s/ Neil C. Evans_

5 |  NEIL C. EVANS

6 |  ATTORNEYS FOR PLAINTIFF
     CALITEX, LLC